# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **W.R. HUFF ASSET MANAGEMENT CO.,** et al. | ) ) ) ) |
| Plaintiffs, | ) ) Case No. 2:07-CV-687-VEH |
| v. | ) ) ) |
| **KOHLBERG, KRAVIS, ROBERTS,** et al. | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Before the court are (1) Plaintiff's Motion for Leave to File its Fourth Amended Complaint and (2) Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint. (docs. 18, 2, respectively).

Having considered the responsive submissions filed by both sides, the court finds that Plaintiff's Motion for Leave is due to be **GRANTED** for the reasons set forth herein. Accordingly, Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint is due to be **DENIED** as **MOOT**.

## I.    FACTUAL HISTORY[1]

On August 10, 1995, Bruno's, Inc. ("Bruno's") issued $400 million of high yield subordinated notes (hereinafter "the notes" or "the securities") in anticipation of its August 1995 leveraged recapitalization. Plaintiff is an investment management company that purchased $290 million of the notes on behalf of its customers. Defendants are numerous entities and individuals that participated in Bruno's recapitalization. On February 2, 1998, Bruno's and its subsidiaries filed petitions for relief under Chapter 11 of the Bankruptcy Code in the District of Delaware. See *In re: PWS Holding Corp.*, Del. Case No. 98-212, 1999 WL 33510165 (Bankr. D. Del. Dec. 30, 1999), *aff'd*, 228 F.3d 224 (3rd Cir. 2000).

## II.   PROCEDURAL HISTORY

On August 4, 1999, Plaintiff filed this action in Alabama state court for itself and on behalf of certain of its unnamed purchaser-clients, alleging claims for fraudulent transfer and breach of duty against Defendant.

On August 24, 1999, Defendant removed the case to the United States Bankruptcy Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1452(a), on the basis that this case was related to Bruno's bankruptcy proceeding in

---

[1] Unless otherwise indicated, all factual and procedural events described herein are drawn from this court's Order of February 7, 2006. (Case # 2:00-CV-1872-VEH, doc. 75).

the District of Delaware.

On September 1, 1999, Plaintiff filed a motion in the Bankruptcy Court in Alabama to remand the action to State court. However, the Bankruptcy Court in Alabama stayed that motion, with the consent of the parties, pending confirmation of Bruno's plan for reorganization by the Delaware court. The Bankruptcy Court in Delaware confirmed the plan on December 30, 1999.

On April 24, 2000, Plaintiff sought leave from the Bankruptcy Court in Alabama to amend the complaint in this case, asserting claims under Alabama state law for: (1) fraudulent suppression; (2) fraudulent and reckless misrepresentation; (3) fraudulent and reckless deceit; (4) violations of the Alabama Securities Act; (5) negligent misrepresentation; (6) civil conspiracy; and (7) aiding and abetting. The Bankruptcy Court granted Plaintiff leave to amend on May 24, 2000.

On January 4, 2001, the Bankruptcy Court in Alabama withdrew the bankruptcy reference of this action and transferred this case to the District Court for the Northern District of Alabama. (Case # 2:00-CV-1872-VEH, doc. 8).

On July 1, 2002, Plaintiff filed a Renewed Motion to Remand. (Id., doc. 25). United States District Judge Karon O. Bowdre held a hearing on the Motion to Remand on September 4, 2002, and entered an Order and Memorandum Opinion on October 22, 2002, dismissing without prejudice the "numerous state law claims

alleged by Plaintiff in its Second Amended Complaint" and granted Plaintiff leave "to amend its Second Amended Complaint to assert any applicable federal claims it may have under [the Securities Litigation Uniform Standards Act]" (hereinafter "SLUSA"). (Case # 2:00-CV-1872-VEH, docs. 38, 39).

On November 5, 2002, Plaintiff filed its Third Amended Complaint, asserting only state law claims and no federal claims. (Id., doc. 41). The Third Amended Complaint was stricken by the court on February 7, 2006, on a motion by Defendant. (Id., doc. 75).

On April 11, 2005, Plaintiff filed a Motion for Leave to File its Fourth Amended Complaint, seeking to withdraw from this action and substitute, as the real parties in interest under FED. R. CIV. P. 17(a), forty-six individual clients of Plaintiff who invested through Plaintiff in the transaction giving rise to this litigation. (Id., doc. 65).[2]

After this court denied Plaintiff's motion, Plaintiff appealed. (Id., docs. 75, 80). On appeal, the Eleventh Circuit vacated this court's Order (hereinafter "February 7th Order" or "this court's Order") and remanded the action. *W.R. Huff Asset*

---

[2] Simultaneously with the Motion for Leave to File its Fourth Amended Complaint, Plaintiff also filed a copy of the Fourth Amended Complaint with the Clerk's Office. This Court struck the Fourth Amended Complaint as improvidently filed. (Case # 2:00-CV-1872-VEH, doc. 67).

4

*Management Co. v. Kohlberg, et al.,* No 06-11861 (11th Cir. Dec. 11, 2006). This court then remanded this action to the Circuit Court of Jefferson County on the ground that the operative complaint, the Third Amended Complaint, contained only state law claims. (Case # 2:00-CV-1872-VEH, docs. 103, 104). Less than one month later, Defendant removed this action back to this court and filed its pending Motion to Dismiss Plaintiff's Third Amended Complaint. (doc. 2). Plaintiff thereafter filed its pending Motion for Leave to File its Fourth Amended Complaint. (doc. 18). Similar to its first proposed Fourth Amended Complaint, the current proposed Fourth Amended Complaint seeks to substitute forty-six Bruno's notes owners for Huff, who remains the named plaintiff in this action. (Id.).

**III.   ANALYSIS**

Defendant apparently opposes Plaintiff's Motion for Leave because, if Plaintiff can properly amend its complaint as proposed, such would reclassify this action as no longer falling within the purview of SLUSA, thus requiring this court to remand the action to State court for lack of subject matter jurisdiction.[3]

---

[3] The Eleventh Circuit has instructed that "[u]nder SLUSA, the removing party must show that (1) the suit is a 'covered class action,' (2) the plaintiffs' claims are based on state law, (3) one or more 'covered securities' has been purchased or sold, and (4) [the plaintiff alleges that] the defendant misrepresented or omitted a material fact 'in connection with the purchase or sale of such security.'" *Herndon v. Equitable Variable Life Ins. Co.*, 325 F.3d 1252, 1253 (11th Cir. 2003) (citing *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1342 (11th Cir. 2002)). "Once the factors have been shown by the removing party, the case requires immediate dismissal." *Id.*, see also, 15 U.S.C. 77p(b).

This court stated four reasons for denying Plaintiff leave to amend in its Order of February 7, 2006: (1) the claims alleged in the proposed amended complaint violated a prior court order that the complaint be amended only to add claims arising under federal law, (2) the proposed amended complaint was untimely, (3) allowing the amendment would be unduly burdensome to Defendant and a waste of judicial resources, and (4) the amendment was disallowed under FED. R. CIV. P. 17(a). (Case # 2:00-CV-1872-VEH, doc. 75).

The Eleventh Circuit expressly rejected the first three of these reasons, and explained that this court's denial of leave to amend constituted an abuse of discretion.[4]  Addressing, in turn, each of the three recognized reasons for this court's February 7th Order, the Eleventh Circuit reiterated that "leave shall be freely given when justice so requires," and, "unless there is a substantial reason to deny leave to

---

As the Eleventh Circuit explained in its opinion vacating this court's February 7th Order, the proposed amended complaint "would arguably have removed [Plaintiff's] claims from the reach of SLUSA, since SLUSA only governs actions filed by 50 or more plaintiffs." *Huff*, No. 06-11861, slip op. at 4, citing 15 U.S.C. §§ 77p(f)(2)(A)(i)(I), (II).

[4] As Defendant points out, the appellate court did not explicitly address whether this court properly relied on Rule 17(a) to deny Plaintiff's Motion for Leave. Having stated that "it [was] unclear whether the district court intended [Rule 17] as a separate ground for denying leave to amend," the Eleventh Circuit explained that it would express no opinion as to the "ability" of issues on which this court did not rely in its February 7th Order. *Huff*, No. 06-11861, slip op. at 4-5, n. 4- 5.  That court, therefore, stated no opinion as to the validity of this court's reliance on Rule 17(a).  However, in light of the Eleventh Circuit's opinion vacating this court's Order, including the two-page explanation of this court's reliance on Rule 17, this court will not revisit the issue whether leave to amend may be properly denied under Rule 17.

amend, the discretion of the district court is not broad enough to permit denial." *W.R. Huff Asset Management Co. v. Kohlberg, et al.,* No 06-11861, slip op. at 6 (11th Cir. Dec. 11, 2006), quoting FED. R. CIV. P. 15(a), and citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

Defendant has offered no "substantial reason" to deny leave to amend that has not already been argued before the Eleventh Circuit. Hence, consistent with the opinion of the Eleventh Circuit, this court finds that Plaintiff's Motion for Leave to File its Fourth Amended Complaint is due to be **GRANTED** pursuant to FED. R. CIV. P. 15(a).

Additionally, Defendant's pending Motion to Dismiss applies only to Plaintiff's Third Amended Complaint. Because the Third Amended Complaint is no longer operative, Defendant's Motion to Dismiss is due to be **DENIED** as **MOOT**.

A separate Order will be entered.

**DONE** this the 22nd day of June, 2007.

                                           **VIRGINIA EMERSON HOPKINS**
                                           United States District Judge