FILED
2007 Jun-22  AM 10:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **W.R. HUFF ASSET MANAGEMENT CO., et al.** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Case No. 2:07-CV-687-VEH** |
| **v.** | ) ) | |
| **KOHLBERG, KRAVIS, ROBERTS, et al.** | ) ) ) | |
| **Defendants**. | ) | |

## MEMORANDUM OPINION

Pursuant to this court's authority under 15 U.S.C. § 77p(d)(4), the above-styled action will be **REMANDED** to State court by a separate Order consistent with this Memorandum Opinion.

## I.    FACTUAL HISTORY[1]

On August 10, 1995, Bruno's, Inc.("Bruno's") issued $400 million of high yield subordinated notes (hereinafter "the notes" or "the securities") in anticipation of its August 1995 leveraged recapitalization. Plaintiff is an investment management company that purchased $290 million of the notes on behalf of its customers.

---

[1] Unless otherwise indicated, all factual and procedural events described herein are drawn from this court's Order of February 7, 2006. (Case # 2:00-CV-1872-VEH, doc. 75).

Defendants are numerous entities and individuals that participated in Bruno's recapitalization. On February 2, 1998, Bruno's and its subsidiaries filed petitions for relief under Chapter 11 of the Bankruptcy Code in the District of Delaware. See *In re: PWS Holding Corp.*, Del. Case No. 98-212, 1999 WL 33510165 (Bankr. D. Del. Dec. 30, 1999), *aff'd*, 228 F.3d 224 (3rd Cir. 2000).

## II.   PROCEDURAL HISTORY

On August 4, 1999, Plaintiff filed this action in Alabama state court for itself and on behalf of certain of its unnamed purchaser-clients, alleging claims for fraudulent transfer and breach of duty against Defendant.

On August 24, 1999, Defendant removed the case to the United States Bankruptcy Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1452(a), on the basis that this case was related to Bruno's bankruptcy proceeding in the District of Delaware.

On September 1, 1999, Plaintiff filed a motion in the Bankruptcy Court in Alabama to remand the action to State court. However, the Bankruptcy Court in Alabama stayed that motion, with the consent of the parties, pending confirmation of Bruno's plan for reorganization by the Delaware court. The Bankruptcy Court in Delaware confirmed the plan on December 30, 1999.

On April 24, 2000, Plaintiff sought leave from the Bankruptcy Court in

Alabama to amend the complaint in this case, asserting claims under Alabama state law for: (1) fraudulent suppression; (2) fraudulent and reckless misrepresentation; (3) fraudulent and reckless deceit; (4) violations of the Alabama Securities Act; (5) negligent misrepresentation; (6) civil conspiracy; and (7) aiding and abetting.  The Bankruptcy Court granted Plaintiff leave to amend on May 24, 2000.

On January 4, 2001, the Bankruptcy Court in Alabama withdrew the bankruptcy reference of this action and transferred this case to the District Court for the Northern District of Alabama.  (Case # 2:00-CV-1872-VEH, doc. 8).

On July 1, 2002, Plaintiff filed a Renewed Motion to Remand.  (Id., doc. 25). United States District Judge Karon O. Bowdre held a hearing on the Motion to Remand on September 4, 2002, and entered an Order and Memorandum Opinion on October 22, 2002, dismissing without prejudice the "numerous state law claims alleged by Plaintiff in its Second Amended Complaint" and granted Plaintiff leave "to amend its Second Amended Complaint to assert any applicable federal claims it may have under [the Securities Litigation Uniform Standards Act]" (hereinafter "SLUSA").  (Case # 2:00-CV-1872-VEH, docs. 38, 39).

On November 5, 2002, Plaintiff filed its Third Amended Complaint, asserting only state law claims and no federal claims.  (Id., doc. 41).  The Third Amended Complaint was stricken by the court on February 7, 2006, on a motion by Defendant.

(Id., doc. 75).

On April 11, 2005, Plaintiff filed a Motion for Leave to File its Fourth Amended Complaint, seeking to withdraw from this action and substitute, as the real parties in interest under FED. R. CIV. P. 17(a), forty-six individual clients of Plaintiff who invested through Plaintiff in the transaction giving rise to this litigation.  (Id., doc. 65).[2]

After this court denied Plaintiff's motion, Plaintiff appealed.  (Id., docs. 75, 80).  On appeal, the Eleventh Circuit vacated this court's Order (hereinafter "February 7th Order" or "this court's Order") and remanded the action.  *W.R. Huff Asset Management Co. v. Kohlberg, et al.,* No 06-11861 (11th Cir. Dec. 11, 2006).  This court then remanded this action to the Circuit Court of Jefferson County on the ground that the operative complaint, the Third Amended Complaint, contained only state law claims.  (Case # 2:00-CV-1872-VEH, docs. 103, 104).

Less than one month later, Defendant removed this action back to this court.  (doc. 1).  The court thereafter granted Plaintiff leave to file its Fourth Amended Complaint, which substitutes forty-six individual owners of the Bruno's notes as the

_____

[2]  Simultaneously with the Motion for Leave to File its Fourth Amended Complaint, Plaintiff also filed a copy of the Fourth Amended Complaint with the Clerk's Office.  This Court struck the Fourth Amended Complaint as improvidently filed.  (Case # 2:00-CV-1872-VEH, doc. 67).

new parties-plaintiff in this action.  (doc. 18, exh. E).

## III.   ANALYSIS

Federal courts are courts of limited jurisdiction; thus, a federal court must take care to ensure that it has jurisdiction to hear all cases that come before it.  See *Rembert v. Apfel,* 213 F.3d 1331, 1333-34 (11th Cir.2000).  To that end, a district court must always answer the question whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion.  See *Id.; Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

The present action raises a jurisdictional issue which the court, *sua sponte,* will address before it proceeds further.[3]  *See Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP,* 365 F.3d 1244, 1245 (11th Cir.2004) (recognizing that a district court may *sua sponte* decide to remand a case for lack of subject matter jurisdiction).

Defendant removed this case back to this court on the ground that the claims

---

[3]  Plaintiff has filed a Motion to Remand its Fourth Amended Complaint to State court. (doc. 13).  Because the court, *sua sponte*, finds that remand of this action is proper, it will not address the arguments raised in Plaintiff's Motion.

alleged in Plaintiff's Third Amended Complaint are preempted by SLUSA. (doc. 1). "Congress passed SLUSA with the intent to make federal court the exclusive venue for class actions alleging state fraud claims in the sale of 'covered securities.' Congress accomplished this goal by providing for the removal of state class action lawsuits to federal court, and requiring federal courts to dismiss those lawsuits that meet certain statutory requirements." *Herndon v. Equitable Variable Life Ins. Co.*, 325 F.3d 1252, 1253 (11th Cir. 2003) (citing *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1341 (11th Cir. 2002)).

"Under SLUSA, the removing party must show that (1) the suit is a 'covered class action,' (2) the plaintiffs' claims are based on state law, (3) one or more 'covered securities' has been purchased or sold, and (4) [the plaintiffs allege that] the defendant misrepresented or omitted a material fact 'in connection with the purchase or sale of such security.'" *Id.*, quoting *Riley*, 292 F.3d at 1342. "Once the factors have been shown by the removing party, the case requires immediate dismissal."[4] *Id.*

A "covered class action" within the purview of SLUSA must contain at least

___

[4] Additionally, 15 U.S.C. § 77p(b) provides that

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

fifty plaintiffs.  15 U.S.C. § 77p(f)(2)(A)(i)(I).  Because the operative complaint in this case is brought by only forty-six plaintiffs, this element of SLUSA is not satisfied.

Defendant points to SLUSA as the only basis for removal to this court.  (doc. 1).  However, because SLUSA does not apply to the operative complaint in this case, this court lacks subject matter jurisdiction to hear Plaintiff's claims.  15 U.S.C. § 77p(b)(4) provides that

> [i]n an action that has been removed from a State court pursuant to subsection (c) [providing for the removal of "covered class actions" from State to Federal court], if the Federal court determines that the action may be maintained in State court pursuant to this subsection, the Federal court shall remand such action to such State court.

Due to this court's lack of subject matter jurisdiction, and the fact that the Fourth Amended Complaint contains only State law claims, the court finds that this action may be maintained in State court pursuant to the above-quoted statute. Consequently, this action is due to be **REMANDED** to State court.  A separate Order will be entered.

**DONE** this the 22nd day of June, 2007.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

7