FILED
2007 Jul-06 PM 12:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **W.R. HUFF ASSET MANAGEMENT CO.,** et al. | ) ) ) ) |
| Plaintiffs, | ) ) **Case No. 2:07-CV-687-VEH** |
| v. | ) ) ) |
| **KOHLBERG, KRAVIS, ROBERTS, et al.** | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the court are the motions of Defendants, Kohlberg Kravis Roberts & Co., L.P., KKR Associates, L.P., KKR Partners II, L.P., Crimson Associates, L.P., Ronald Bruno, and Robinson Humphrey (hereinafter "Defendants") to "stay the effect of the Remand Order" entered by this court on June 22, 2007. (doc. 44, 46, 41, respectively). For the reasons set forth herein, the motion is due to be and hereby is **DENIED**.

## I.   PROCEDURAL HISTORY

On June 22, 2007, the court remanded this action to State court on the basis that it lacked subject matter jurisdiction to hear the claims set forth in Plaintiffs' Fourth Amended Complaint. (doc. 39).

On July 3, 2007, Defendants filed their notice of appeal to the Eleventh Circuit Court on the basis that this court erred in granting Plaintiffs leave to file their amended complaint. (doc. 43). On July 3, 2007, Defendants filed the motions to stay its Remand Order now before the court. (docs. 44, 46).

## II.   ANALYSIS

Remand orders are ordinarily not reviewable on appeal.[1] However, Defendants seek not to appeal the remand order, but to appeal this court's order granting Plaintiffs leave to amend their complaint.[2] (doc. 45). While the appeal is pending, Defendants argue that this court should "stay the effect" of its Remand Order until the appeal has concluded.

Pursuant to the Remand Order, this action has already been remanded to State court. (doc. 42). Nevertheless, Defendants cite to FED. R. CIV. P. 62(a) in support of their argument that the Remand Order will not "take effect" until ten days after its

---

[1] 28 U.S.C. § 1447(d) provides in relevant part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . ."

[2] Defendants cite to *Waco v. United States Fid. & Guar. Co.*, 293 U.S. 140, 142, 55 S.Ct. 6, 7, 79 L.Ed. 244 (1934), for the proposition that the Eleventh Circuit may review a district court order that (1) precedes a remand order "in logic and in fact," (2) will have a conclusive effect on the proceedings in State court, and (3) changes the contours of the action on remand. Defendants also argue that appeal of this court's Leave to Amend Order is appropriate under the collateral order doctrine. See *Aquamar S.A. v. Del Monte Fresh Produce N.A.*, 179 F.3d 1279, 1287 (11th Cir. 1999).

entry.³  According to Defendants, therefore, this court has jurisdiction to grant the motion to stay until the end of today.

The court disagrees with Defendant's interpretation of Rule 62. The rule applies only to a "judgment" of this court. However, Defendants cite to FED. R. CIV. P. 54(a), apparently in an attempt to convince the court that a Remand Order is a "judgment" for purposes of FED. R. CIV. P. 62(a).⁴

Defendants cite to no caselaw, binding or persuasive, in support of this argument.⁵ On the contrary, the Fifth Circuit Court has held that remand orders are not subject to the automatic stay provided for by Rule 62(a). In *Arnold v. Garlock*,

---

³ FED. R. CIV. P. 62(a) provides in relevant part that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry."

⁴ FED. R. CIV. P. 54(a) provides in relevant part: "'Judgment' as used in these rules includes a decree and any order from which an appeal lies."

⁵ Defendants cite to several cases, including *Chestnut v. New York*, 86 S.Ct. 940, 15 L.Ed.2d 842 (1966), *In re Surinam Airways Holding Co.*, 974 F.2d 1255 (11th Cir. 1992), and *Rachel v. Georgia*, 342 F.2d 336 (5th Cir. 1965), for the proposition that "the court should stay the Remand Order so as to ensure that the judgment entered by the Eleventh Circuit will have meaning." Each of these cases is distinguishable from the present action. In *Chestnut*, the Supreme Court stayed the remand of a criminal case to State court–which had previously been removed to federal court pursuant to 28 U.S.C. § 1443–to permit appeal to the Second Circuit regarding "the reach and application of § 1443." 86 S.Ct. at 941. Similarly, the former Fifth Circuit held in *Rachel* that the Civil Rights Act of 1964 permitted review of remand orders "as to cases removed to the Federal District Courts under [28 U.S.C.] Section 1443. . . ." 342 F.2d at 337. Finally, the Eleventh Circuit held in *Surinam* that a remand order entered pursuant to 28 U.S.C. § 1367(c) is reviewable on appeal. 974 F.2d at 1257. Defendants do not argue that 28 U.S.C. §§ 1367(c) or 1443 are implicated here. Further, none of these cases cite to Rule 62(a), Rule 54(a), or any other provision relevant to this action as a basis for allowing this court to stay the Remand Order.

*Inc.*, the court instructed that

> [t]he stay provisions of Rule 62 pertain to judgments for money. . . . [T]he subject matter of [the pending motion to stay] is not for a stay of judgment, declaratory or otherwise. It is for a stay of remand under Rule 62. A remand of an ongoing case is not a final judgment following a full adjudication of a claim, the result of which may be appealed. Even if the subject matter of the underlying litigation is solely money damages, there is no "money judgment" inherent in its remand. Accordingly, there is no basis in Rule 62 for such a stay. . . .

*Arnold*, 278 F.3d 426, 437 (5th Cir. 2001), citing *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir.1992); *City of New Orleans v. Nat'l Serv. Cleaning Corp.*, 1997 WL 5915 at *1 (E.D.La. Jan. 6, 1997); *Rivera Perez v. Mass. Gen. Hosp.*, 193 F.R.D. 43, 45 (D.P.R.2000).

In *Powerex Corp. v. Reliant Energy Servs.*, 127 S.Ct. 2411 (2007), the Supreme Court held that "[w]hen a district court remands a properly removed case because it nonetheless lacks subject-matter jurisdiction, the remand is covered by 28 U.S.C. section 1447(c), and is thus shielded from review by section 1447(d)." 127 S.Ct. at 2413.

The Fifth Circuit explained further in *Arnold* that

> [a] § 1447(c) order of remand is not self-executing. Section 1447(c) provides, in pertinent part, that upon determination that a case should be remanded, "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." See *McClelland v. Gronwaldt*, 155 F.3d 507, 514 n. 5 (5th Cir.1998). This provision creates legal significance in the mailing of a certified copy of the

remand order in terms of determining the time at which the district court is divested of jurisdiction. *Id.* (citing the discussion and references in *Browning v. Navarro*, 743 F.2d 1069, 1078-79 (5th Cir.1984)). On that basis, the federal court is not divested of jurisdiction until the remand order, citing the proper basis under § 1447(c), is certified and mailed by the clerk of the district court.

278 F.3d at 437.

The Clerk of the Court has, pursuant to this court's Remand Order, dispatched the relevant materials to the State court for further proceedings in that forum. (doc. 42). Consequently, this court is without jurisdiction to "stay the effect" of the Remand Order. A motion to stay would, therefore, more appropriately be filed in the court to which this action has been remanded. Defendants have not convinced the court that the State court is incapable of ruling on a motion to stay the proceedings there during the appeal process before the Eleventh Circuit. The court does not reach, and therefore expresses no opinion on, Defendants' arguments that a stay is appropriate.

## III.  CONCLUSION

Defendants cite to no authority, and the court is aware of none, that supports their argument that the court has jurisdiction to stay its Remand Order. Based on the reasons set forth *supra*, the court finds that it lacks jurisdiction to grant Defendants' motions to "stay the effect" of its Remand Order. Consequently, the motions are due to be and hereby are **DENIED**.

**DONE** and **ORDERED** this the sixth day of July, 2007.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge